UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11030-RGS

EDGAR FURTADO

v.

JANET NAPOLITANO, Secretary of
Department of Homeland Security, and
LORRAINE HENDERSON

<u>MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS</u>

February 12, 2010

STEARNS, D.J.

This is plaintiff Edgar Furtado's second attempt at suing Lorraine Henderson, a former supervisor, and Janet Napolitano, the Secretary of the Department of Homeland Security (DHS), for discrimination, retaliation, and for various state-law torts. Furtado, a former officer of the United States Custom and Border Protection (CBP), claims that he was constructively terminated from his job on May 19, 2007. He filed his first lawsuit, <u>Furtado v. Michael Chertoff and Lorraine Henderson</u>, C.A. No. 08-10491-RGS, on March 25, 2008. The defendants moved to dismiss on grounds that Furtado had not effected service of process and, additionally, that he had failed to exhaust his administrative remedies under either Title VII or the Federal Tort Claims Act (FTCA). Furtado did not oppose the motion. The court dismissed the original Complaint in April of 2009.

Furtado filed this Complaint in June of 2009, adding some new factual allegations, but asserting the same causes of action: Count I - racial & national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e; Count II - intentional interference with an

advantageous business relationship; Count III - intentional infliction of emotional distress; and Count IV - retaliation in violation of Title VII, 42 U.S.C. 2000e.[1] Defendants move to dismiss this case with prejudice under Fed. R. Civ. P. 12(b)(6), claiming that Furtado has again failed to exhaust his administrative remedies and that the deadline for doing so "has long since passed." In the alternative, defendants argue that Furtado failed to effect timely service of process under Fed. R. Civ. P. 12(b)(5).

## BACKGROUND

The CBP is an agency of DHS. As a CBP officer, Furtado reported to defendant Lorraine Henderson, the Boston Area Port Director. Complaint ¶¶ 4 - 6. Furtado alleges that CBP managers verbally abused him in November of 2006, for failing to attend a training seminar in Washington, D.C. Furtado asserts that supervisors Adin Morales and Richie Guen called him out of an APHIS avian flu training class to question him about his absence from the Washington meeting. Morales and Guen allegedly told Furtado that his non-attendance made Henderson "look bad" and would have "serious consequences." Complaint ¶ 21. Furtado claims that the interrogation caused him to miss most of the avian flu training and that, as a consequence, he scored poorly on the next day's examination. Id. ¶¶ 60-78.

In this action, Furtado elaborates on his prior allegations of hostile work environment and retaliation chronicling occasions of uncompensated overtime

---

[1] Pursuant to the Westfall Act, the United States must be substituted for defendants Napolitano and Henderson in Counts II and III. A tort claim is not actionable against a federal employee acting within the scope of her employment; it is actionable only against the United States. See 29 U.S.C. § 2679(d)(2); Velez-Diaz v. Vega-Irizarry, 421 F.3d 71, 76-77 (1st Cir. 2005).

assignments, including being required to run personal errands for CBP Chief Tracy Sullivan and Supervisor Gary Kijik. Furtado also recounts his meeting (and frustration) with an Equal Employment Opportunity (EEO) manager in an unsuccessful attempt to make a formal record of the alleged discrimination. See Plaintiff's Opposition Memorandum at 3-5.

## DISCUSSION

As a jurisdictional prerequisite of filing suit under the FTCA, Furtado was required to file an administrative claim with DHS. The claim had to have been filed within two years of its accrual. See 28 U.S.C. § 2401(b); Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004). The exhaustion of administrative remedies requirement under the FTCA cannot be waived by the federal employer. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). Furtado's tort claims accrued no later than May 19, 2007, the date of his resignation from CBP. According to the unrebutted affidavit of Chris Doherty, a CBP assistant counsel, Furtado never filed an administrative claim. Accordingly, Counts II and III of the Complaint must be DISMISSED. See 28 U.S.C. § 2675; 28 U.S.C. § 2679.

With regard to Furtado's discrimination and retaliation claims (Counts I and IV), "Title VII requires exhaustion of administrative remedies as a condition precedent to suit in federal district court." Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). "Congress envisioned 'a dispute resolution system that requires a complaining party to pursue administrative relief prior to court action, thereby encouraging quicker, less formal and less expensive resolution of disputes within the Federal Government and outside of court.'" West v. Gibson, 527 U.S. 212, 218-219 (1999). Exhaustion is required in order to give

federal agencies the opportunity to resolve employment-related disputes internally whenever possible and to ensure that the federal courts are called upon to intervene only when a mediated resolution cannot be achieved. See Delaware State Coll. v. Ricks, 449 U.S. 250, 256-257 (1980). Among other requirements, an aggrieved federal employee must contact an EEO counselor within 45 days of "the date of the matter alleged to be discriminatory, or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

Furtado asserts that he has satisfied "the purposes of the administrative remedies [requirement]." Opposition Memorandum at 8. He states that after being disciplined for making allegedly discriminatory comments in an e-mail, and after Henderson on May 11, 2007, took away his firearm, he met with David Ganeto, an EEO Manager, to file a retaliation complaint. Furtado claims that Ganeto, "informed [him] to resign from his position and find a job in the private sector as a security guard." Complaint ¶ 45.

The government points out that the only act of discrimination alleged by Furtado on May 15, 2007, was "a proposed 4-day suspension for falsifying his timecard and fail[ing] to follow supervisors instruction based on his race (Asian) and national origin (Indian/Goan)." Angevine Decl., Ex. 2.[2] Moreover, Furtado withdrew his complaint (in writing) on the same day. See Angevine Decl., Ex. 1. The withdrawal is a bar to suit. See Castro v. United States, 775 F.2d 399, 404 (1st Cir. 1985) (plaintiff's "voluntary abandonment of the administrative remedies he ha[s] chosen to pursue precludes his civil action."). See also Bowers v. Nicholson, 271 F. App'x 446, 449 (5th Cir. 2008) ("Because

---

[2]This alleged discriminatory act does not figure in the renewed Complaint.

[plaintiff] withdrew his claims, he failed to exhaust his administrative remedies [under Title VII]."). Cf. Brown v. Snow, 440 F.3d 1259, 1264 (11th Cir. 2006) (critical issue in determining exhaustion is whether the administrative process was allowed to reach a conclusion without the complainant's interference); Saulters v. Nicholson, 463 F. Supp. 2d 123, 126 (D. Mass. 2006) (the exhaustion doctrine requires that the administrative review process proceeds unhindered until completion).

Defendants also argue that Furtado failed to make service within the 120-day period required by Fed. R. Civ. P. 4(m).[3] There is no dispute that the service period expired on October 14, 2009; that Furtado sent the summons and complaint by certified mail on October 13; and that none of the four addressees received the mailing before October 15, 2009. Furtado argues that service was timely because the date of the mailing preceded the deadline. However, service by mail under Rule 4 is generally held not to be effected until the day the mail is received. See Worrell v. B.F. Goodrich Co., 845 F.2d 840, 842 (9th Cir. 1988) (stating *inter alia* that this outcome "is consistent with the several courts that have held the act of mailing a complaint and summons to a defendant does not constitute 'service' for purposes of complying with Rule 4(j)'s 120-day limitation on service."); Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 880-881 (3d Cir. 1987) ("[T]he mere act of mailing is insufficient to effectuate service."); Cornish v. Goshen, 2005 WL 1155032, at

---

[3]Defendants also complain that service was procedurally improper under Rule 4(i)(1)(A). Rule 4(i) explains that, in order to serve a federal officer or employee, a plaintiff must serve both that officer or employee, as well as the Attorney General and the United States Attorney. On October 15, 2009, Furtado erroneously served an Assistant United States Attorney, instead of the civil process clerk at the United States Attorney's Office.

*3 & n.3 (M.D. Pa. May 3, 2005) ("[S]ervice is effected only when the procedural transaction is complete: when the summons and the complaint have been delivered to the individual."); Bracey v. United States, 2000 WL 137091, at *4 (D. Or. Feb. 3, 2000) ("The general rule appears to be that the act of mailing the summons and copy of the Complaint to the defendant is insufficient to effectuate service for purposes of complying with FRCP 4(m)'s 120-day limitation on service."). This rule is dictated by the notice policy underlying Rule 4. See United States v. Ayer, 857 F.2d 881, 884 (1st Cir. 1988) ("[U]ntil the defendants receive some formal notice of the institution of the action, they are not assured a meaningful opportunity to discover, marshall, and preserve evidence, that is, to prepare a defense.").

Finally, Furtado's request for leave to cure any deficiency of service must be denied. Local Rule 4.1 makes clear that the 120-day service period may not be extended where, as here, a plaintiff fails to make a good cause showing for an extension within ten days of the expiration of the 120-day deadline. See L.R. 4.1(B) (in such cases, "the clerk shall forthwith automatically enter an order of dismissal.").

## ORDER

For the foregoing reasons, defendants' motion to dismiss Furtado's Complaint is ALLOWED with prejudice. The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE